UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEO HERRINGTON, JR.
AND CHARLES DAWSON
    Movants

VERSUS

BABCOCK LAW FIRM, LLC,
AND STEPHEN BABCOCK, APLC, et al.
    Respondents

MISCELLANEOUS
CIVIL ACTION

NO. 14-mc-31-JJB-RLB

## ORDER

Before the Court are Movant Leo Herrington, Jr.'s (R. Doc. 1) and Movant Charles Dawson's (R. Docs. 3 and 4) Motions to Quash certain subpoenas issued by Respondents, Babcock Law Firm, LLC, et al. (Babcock). Babcock is a Defendant in a civil action before this Court, *Forever Green Athletic Fields, et al. v. Babcock Law Firm, LLC, et al.* (*Forever Green*), No. 11-cv-633 (M.D. La. filed Sept. 16, 2011). The subpoenas were issued to Mr. Herrington and Mr. Dawson during discovery in that litigation. Mr. Herrington and Mr. Dawson are not parties to *Forever Green*.

Both of the subpoenas request, among other things, documents that would be subject to attorney/client and attorney work product privileges. It has been represented to the Court that no waiver has been or will be granted. (R. Doc. 1 at 2); (R. Doc. 3 at 4). It has further been argued that compliance with the subpoenas will impose and undue burden or expense because they are not sufficiently limited in scope, and call for a significant quantity of documents that are public records.

Concerning Mr. Herrington's Motion to Quash, he claims that Babcock mistakenly regards him as an expert witness for Plaintiffs in *Forever Green*. In that light, Mr. Herrington contends Babcock has subpoenaed certain types of documents — typically provided in connection with retained experts — that "simply do not exist," as he has not been retained as an expert by Plaintiffs or any party to *Forever Green*. (R. Doc. 1 at 4-6). And so, Mr. Herrington asks this Court to issue an order preventing him from ever having to produce these documents.

While it appears that Mr. Herrington is unaware of this, as it currently stands, he is listed as an expert witness by Plaintiffs in *Forever Green*. *See* Exhibit H to Defs.' Motion to Compel at 44, *Forever Green*, No. 11-cv-633 (M.D. La. May 12, 2014), ECF No. 58-2. It appears, however, that he has not been so retained. It is also unclear if the parties in *Forever Green* also consider Mr. Herrington and Mr. Dawson fact witnesses based on their involvement in the underlying litigation. Therefore,

**IT IS ORDERED** that the parties in *Forever Green* have **until June 23, 2014** to submit briefing regarding Mr. Herrington's and Mr. Dawson's Motions to Quash. Briefs should be filed in this case, *Herrington, et al. v. Babcock Law Firm, LLC, et al.*, No. 14-mc-31 (M.D. La. filed May 27, 2014).

**IT IS FURTHER ORDERED** that any obligation or duty Mr. Herrington or Mr. Dawson may have in response to the subpoenas is **STAYED** pending the Court's resolution of the Motions to Quash.

Signed in Baton Rouge, Louisiana, on June 12, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**