UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LEO HERRINGTON, JR. <br> AND CHARLES DAWSON <br>     Movants | MISCELLANEOUS <br> CIVIL ACTION |
| VERSUS | NO. 14-mc-31-JJB-RLB |
| BABCOCK LAW FIRM, L.L.C. <br> AND STEPHEN BABCOCK APLC, et al. <br>     Respondents | |

**ORDER ON MOVANTS' MOTIONS TO QUASH AND MOTION FOR SANCTIONS**

Before the Court are Movant Charles Dawson's (Dawson) and Movant Leo Herrington's (Herrington) Motions to Quash (R. Docs. 1, 3, 4) Rule 45 subpoenas issued by Respondents, Babcock Law Firm, LLC, et al. (Defendants) and a Motion for Sanctions (R. Doc. 14) filed by both Dawson and Herrington (Movants).

**I.    BACKGROUND**

Babcock Law Firm, et al., are Defendants in a legal malpractice action before this Court, *Forever Green Athletic Fields, et al. v. Babcock Law Firm, LLC, et al.* (*Forever Green*), No. 11-cv-633 (M.D. La. filed Sept. 16, 2011).[1] The subpoenas were issued to Movants during discovery in that litigation. Movants, Mr. Herrington and Mr. Dawson, are not parties to *Forever Green*. Instead, Mr. Dawson was the plaintiff and Mr. Herrington acted as his legal counsel in the lawsuit underlying the instant malpractice claim. Both Mr. Herrington and Mr. Dawson objected to the subpoenas within 14 days of service and later moved to quash. Movants then

---

[1] The factual background and procedural history of *Forever Green* have been laid out by the Court's previous Orders (R. Doc. 50, 65, 83), and will not be repeated here.

partially complied with the subpoenas by providing the documents to which they did not object. Following their compliance, Mr. Herrington and Mr. Dawson moved for sanctions in connection with their compliance. (R. Doc. 14).

## II. LAW AND ANALYSIS

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. Subpoenas issued under Rule 45 are also subject to the discovery limitations outlined in Rule 26(b). See *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).") The party issuing the subpoena "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Whether a subpoena imposes an undue burden should be governed by the following factors: (1) relevance of the information sought; (2) the requesting party's need for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity of the description of the documents; and (6) the burden imposed. See *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

Here, Movants both objected to the subpoenas within 14 days of service. Despite having already objected, Movants filed Motions to Quash raising the same objections. Eventually, Mr. Herrington and Mr. Dawson provided all of the documents that were not objectionable. (R. Docs. 1, 3). Therefore, only the objectionable documents are still at issue.

Concerning Mr. Herrington's Motion to Quash (R. Doc. 1), Mr. Herrington claims that Babcock mistakenly regards him as an expert witness for Plaintiffs in *Forever Green*. In that light, Mr. Herrington contends that Item Nos. 1-12 of his subpoena seek certain types of

2

documents typically provided in connection with retained experts that "simply do not exist," as he has not been retained as an expert by Plaintiffs or any party to *Forever Green*. (R. Doc. 1 at 4-6). And so, Mr. Herrington asks this Court to issue an order preventing him from ever having to produce these documents. Not only does Mr. Herrington contend he is not an expert witness, the Court has also issued an Order preventing Plaintiffs from presenting expert testimony in their legal malpractice action. *See Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633, 2014 WL 3749192 (M.D. La. July 30, 2014) (granting (ECF No. 82) Defendants' Motion to Strike Plaintiffs' Expert Witnesses (ECF No. 66)). And so, Mr. Herrington will not present testimony as a retained expert on Plaintiffs' behalf. Therefore, his Motion to Quash is granted as to Item Nos. 1-12, which relate to documents that would be expected if Mr. Herrington were an expert.

Otherwise, the remainder of Mr. Herrington's and all of Mr. Dawson's subpoenas request the "complete file, including all documents, maintained in the regular course of business of you and/or your law firm in connection that the matter entitled "*Charles C. Dawson v. Forever Green Athletic Fields, Inc., David Ripka and Keith Day*, Docket No. 531941 . . . [and] Docket No. 54744, 19th Judicial District Court, East Baton Rouge Parish, Louisiana." (Herrington Subpoena, R. Doc. 1-1 at 6); (Dawson Subpoena, R. Doc. 3-1 at 5). While each Movants' "entire file" is requested, only one file exists and it is currently maintained by Mr. Herrington — Mr. Dawson's attorney in the underlying litigation.

Mr. Dawson and Mr. Herrington object to the request for their entire file on several grounds. First, Mr. Dawson claims to no longer be in possession of any of the requested documents. (R. Doc. 3 at 2). This objection is superfluous, however, as the documents are in his control, and in Mr. Herrington's possession. Second, Movants argue the request is otherwise

3

objectionable as the responsive documents are available elsewhere — either as part of the public record or already in the possession of the parties to *Forever Green*. (R. Doc. 3 at 3-4); (R. Doc. 1 at 2). The Court agrees with Movants, and to the extent any of the responsive documents are part of the public record, or in Plaintiffs' or Defendants' possession, their Motions to Quash are granted.

Next, Movants claim many of the responsive materials are protected from disclosure by the attorney client privilege or as attorney work product. (R. Doc. 4 at 2); (R. Doc. 1 at 3). Mr. Dawson, the holder of the attorney client privilege and work product protection, and Mr. Herrington, whose legal thoughts are subject to the work product protection, have informed the Court that no waiver has been or will be granted. (R. Doc. 1 at 2); (R. Doc. 3 at 4). *See American Can Co. v. Citrus Feed Co.*, 436 F.2d 1125, 1128 (5th Cir. 1971) (explaining that as holder of privilege, only client may waive it and fact that "one ceases to be a client after communication with the attorney makes no difference; the lawyer's lips must continue to remain sealed"). The Court grants the Motions to Quash (R. Docs. 1, 3) to the extent any of the responsive documents are protected as attorney-client communications or attorney work product. Defendants have not shown how (1) Mr. Herrington and Mr. Dawson's communications, or (2) Mr. Herrington's legal thoughts during the underlying litigation could possibly be relevant to whether Defendants committed malpractice. Defendants were not privy to this information at the relevant time; therefore, it could not have affected how Defendants chose to litigate the underlying case.

Otherwise, Movants suggest that responding to the subpoena would be unduly burdensome as it would require Mr. Herrington to sift through about 3,000 pages of documents, which would take between 50 and 100 hours to complete at a rate of $250 per hour. (R. Doc. 1 at 2); (R. Doc. 3 at 3). However, Movants later responded to the subpoenas — voluntarily —

making this objection moot. Nonetheless, the Court grants the Motions to Quash, as to the remaining documents that were not produced for the reasons already given.

The Court now turns to Movants' Motion for Sanctions. (Movants' Mot. for Sanctions, R. Doc. 14); (Movants' Reply, R. Doc. 24). Having partially complied with what they considered to be overly broad subpoenas, Movants argue they are entitled to $14,028.80 in expenses and attorney's fees, plus another $5,000 "subsequently incurred by continuing and further prosecution of this matter by the Babcock Defendants which is clearly unwarranted." (Movants' Reply, R. Doc. 24-2 at 8).

Although Defendants issued the subpoenas, Movants suggest that Plaintiffs and their conduct throughout discovery are actually responsible for Defendants' requests under Rule 45. For example, Defendants subpoenaed expert-related information from Mr. Herrington after Plaintiffs' counsel identified him as a legal expert for trial; however, Mr. Herrington was never retained by Plaintiffs. (R. Doc. 2 at 1) (Herrington describes Defendants as "evidently being under the mistaken impression that [I have] been retained and/or will otherwise offer an expert opinion in this matter."); (Pls.' Expert Disclosures, R. Doc. 10-2 at 3) (identifying Herrington as a trial expert "*in the field of legal malpractice*"). Additionally, Movants suggest that "part of the present controversy . . . is caused by the fact that Plaintiffs have substantially breached their discovery response obligations in the principal proceeding," prompting Defendants to request sought-after information from non-parties. (R. Doc. 26 at 2). Movants ultimately explain:

> The principal thing that has become glaringly apparent to Herrington and Dawson . . . in response to [the] Subpoenas is that there have evidently been substantial misrepresentations to the Court, and breaches of duties owed to the Court, by Plaintiffs . . . which appear to be the primary cause of the controversy regarding the Herrington and Dawson Subpoenas, which have led to all Motions in this proceeding . . . .

(R. Doc. 26 at 2). For that reason, Movants suggest Plaintiffs should pay the $14,028.80 they have requested in expenses and attorney's fees, even though Defendants served the subpoenas.

To begin, Rule 45 is clear that the party issuing the subpoena has the burden of protecting the subpoenaed party from any undue burden and may be held accountable if the subpoena is unduly burdensome. Movants have not pointed to the Court to any authority holding a non-serving party responsible for an undue burden imposed by a Rule 45 subpoena. Although the Court agrees that Plaintiffs and their attorney appear to be a significant cause for the issuance and scope of the subpoena, Plaintiffs will not be held responsible for any undue burden imposed by Movants' compliance with Defendants' subpoenas.

Whether the non-issuing party could be responsible for any assessed fees is immaterial, however, where the Court finds Movants are not entitled to sanctions. First, the subpoenas were not overly broad or served in bad faith. Even though Defendants sought each Movants' "entire file," the scope of the request was reasonable under the circumstance. On multiple occasions, Mr. Herrington relayed to Plaintiffs' counsel that he and Mr. Dawson were willing to completely waive all privileges, granting Plaintiffs full access to the entire file and their corroborating testimony — evidence Mr. Herrington described as "substantial and valuable information in support of the claim against Babcock." (E-mail from Herrington to Pls.' Counsel (Nov. 21, 2011), R. Doc. 23-4 at 1); (E-mail from Herrington to Pls.' Counsel (Nov. 4, 2011), R. Doc. 23-3) (Herrington explains his view of the benefit to Plaintiffs if (a) Movants' gave their "full cooperation," and (b) granted "complete access" to the file). Considering Defendants knew of Movants' belief that the evidence in the file was highly probative to Plaintiffs, the request for their "entire file" was reasonable.

6

Moreover, Mr. Herrington and Mr. Dawson are not entitled to sanctions as they moved to quash the subpoenas, but then later voluntarily complied by producing the documents they did not object to before Court resolution of the Motions to Quash. Generally under Rule 45, if a subpoenaed party believes a subpoena is unduly burdensome or otherwise requests privileged information, he or she may object to the subpoena within 14 days of service. Fed. R. Civ. P. 45(d)(2)(B). "The objection forces the subpoenaing party to seek an order compelling document production." *McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 425 (D.N.J. 2004); Fed. R. Civ. P. 45(d)(2)(B)(i) ("If an objection is made . . . the serving party may move the court . . . for an order compelling production of inspection."). If a district court then orders production, it must protect the non-party from any significant expenses incurred as a result of the subpoenaed party's "*involuntary* assistance to the court." *McCabe*, 221 F.R.D. at 426 (emphasis added); *see also* Fed. R. Civ. P. 45(d)(2)(B)(ii). "Absent an order, a non-party [generally] bears its own production expenses." *McCabe*, 221 F.R.D. at 425.

In this case, Movants timely objected to the subpoenas. Beyond that, they were not required to do anything. Nonetheless, they unnecessarily moved to quash the subpoenas and subsequently chose to partially comply. This compliance, moreover, was not qualified with any request for reimbursement of expenses. Both the subpoenaing party and the Court were deprived of any opportunity to address Movants' concerns regarding the scope of the requests or the costs of production. Rather, the costs incurred were a direct result of Movants' compliance despite having properly raised objections that were unresolved at the time of such compliance.

### III. CONCLUSION

For the reasons given above, the Court **GRANTS** Mr. Herrington's Motion to Quash (R. Doc. 1) and Mr. Dawson's Motion to Quash (R. Docs. 3, 4). No further production, beyond what

has already been made, is required. The Court, however, **DENIES** the Motion for Sanctions (R. Doc. 14). Each party shall bear its own costs in bringing and defending these motions.

Signed in Baton Rouge, Louisiana, on October 7, 2014.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**